## Haight & West *vs.* Case & Odell.

Where the complainant waives an answer on oath, and relies upon the affidavits of third persons annexed to his bill to sustain an injunction, in opposition to the defendant's answer on oath, denying the equity of the bill, the defendant, upon an application to dissolve the injunction, may also read the affidavits of third persons in support of his answer.

If an answer on oath has not been waived as to one of the defendants, the complainant, upon an application to dissolve the injunction, cannot be permitted to read the affidavits annexed to the bill for the purpose of contradicting the positive answer of that defendant on oath.

This was an injunction bill, and the complainant waived    August 6.
an answer on oath from one of the defendants, who was alleged to be insolvent, or in failing circumstances. He also annexed affidavits to his bill, in support of the charges contained therein and to sustain his injunction, as authorized by the 37th rule. Upon the coming in of the answer, which was on oath and denied the material allegations in the bill;

*J. Rhoades,* in behalf of the defendants, moved to dissolve the injunction. And he offered to read affidavits, in support of the answer of the defendant whose answer on oath had been waived, contradicting the affidavits annexed to the complainants' bill.

*T. R. Lee,* for the complainants, objected to the reading of affidavits in opposition to those annexed to the bill. And he insisted that affidavits could not be read in support of the answer, on a motion to dissolve an injunction, in such a case.

The Chancellor decided, that where the complainant relies upon the affidavits of third persons, in support of the allegations in his bill, for the purpose of retaining an injunction in opposition to the answer of the defendant on oath denying such allegations, the defendant must also be permitted to use such affidavits in support of his answer, to counterbalance the ex parte evidence thus adduced by the complainant in opposition to the answer. He also decided that

the affidavits annexed to the bill could not be read to contradict the positive answer of one of the defendants, whose answer on oath had not been waived, relative to matters of which the other defendant was not charged with the knowledge.